Johnny RUSSELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–436.

Court of Criminal Appeals of Oklahoma.

Feb. 18, 1977.

Rehearing Denied March 14, 1977.

**1004**

Whit Pate, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Michael L. Darrah, Legal Intern, for appellee.

## OPINION

PER CURIAM:

The appellant, Johnny Russell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, LeFlore County, for the offense of Sodomy, Case No. CRF–75–144. From a jury sentence of ten (10) years, defendant perfects this appeal.

The facts are relevant here only so far as they deal with the voir dire examination. During the voir dire, defendant challenged, for cause the wife of a juror already empaneled. The court overruled this challenge as defendant failed to show bias or partiality.

The defendant's sole assignment of error asserts that allowing a husband and wife to sit on the same jury denies the defendant his right to be tried by a fair and impartial jury as required by the Constitutions of the United States and Oklahoma. The defendant attempts to stabilize his argument by rallying behind him numerous citations which declare the sacred right to a public trial, and a fair and impartial jury. We agree; however, neither the Constitution nor our statutes prohibit a husband and wife from serving on the same jury. Defendant wishes us to assume, as he does, that an inherent fault exists when a married couple sits on the same jury; that they will necessarily "track" each other's thoughts. Such an assumption is without merit. The means exist to search for this tracking and a party should make use of the liberal rules of voir dire to do so. *Gonzales v. State,* Okl.Cr., 388 P.2d 312 (1964). Undoubtedly, married couples will be found that are unable to divorce one another's thoughts during a trial, but when voir dire uncovers no bias, partiality, or inability to form independent thought a party should not be excluded. The Legislature has provided for challenges of implied bias and has expressly limited the parties within this category. See 22 O.S.1971, § 660. Married couples are not included therein. A party cannot rest his claims of error on conjecture alone, as the law must concern itself with facts and evidences, not vaporous speculations. *Dennis v. United States,* 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734 (1950).

From the above and foregoing reasons, the judgment and sentence appealed from is *AFFIRMED.*