**SALT LAKE CITY, Plaintiff and Respondent,**

v.

**John TUERO, Defendant and Appellant.**

No. 870018-CA.

Court of Appeals of Utah.

Nov. 20, 1987.

Elizabeth Bowman, Salt Lake City, for defendant and appellant Salt Lake Legal Defender Assoc.

Arthur Keesler, Salt Lake City Prosecutor, Salt Lake City, for plaintiff and respondent.

Before JACKSON, BENCH and DAVIDSON, JJ.

DAVIDSON, Judge:

Defendant was convicted in Fifth Circuit Court on December 12, 1986, of Driving Under the Influence. Defendant contends that he was denied a fair trial because the court below failed to remove a potential juror for cause and refused to question the jury panel on whether they believed the penalties involved were too harsh or too lenient. We affirm.

During voir dire questioning, one potential juror stated that his wife had been "broadsided by a drunk driver." The court then questioned this individual concerning potential bias and whether he could decide the case fairly "based solely upon the evidence and the law." No response appears in the record.[1] A different panel member raised his hand and spoke about his particular situation. The court then asked "Does anybody have any personal feeling about what the law is and will you follow those feelings rather than follow what the law is as instructed by the Court?" The potential juror at issue made no verbal response whereupon the court stated "Everyone feels that they could follow the instructions the court gives them regarding the law. Is that correct? Alright [sic]."

Later during the jury selection process, defense counsel requested that the potential juror be excused for cause. The court again questioned this individual and another to determine if they could follow the court's instructions concerning the law. The court then specifically questioned the potential juror at issue if he would "have any difficulty in hearing the case today, based upon ... I asked you that previously, based upon your knowledge of what occurred." The potential juror replied "I don't believe so. Everybody has there [sic] own moral issue on alcohol and driving." To this response the court said "But you feel that regardless of that experience that you have had previously, you could hear this case just, and determine it solely on this case. The facts that you'll determine and the law that will be given to you." No answer appears in the record.[2] The court then continued and asked the same question of the other potential juror whose relatives had died in a drinking and driving accident. That individual stated that his personal opinion might interfere with what the court would instruct as to the law and he was excused. The court again questioned the panel whether or not they could be impartial and sit without prejudice to either party. The potential juror at issue did not reply orally to this admonition. The court refused to dismiss for cause and

---

1. The proceedings were recorded by the usual electronic recording utilized in circuit court. As is frequently the case there are gaps in the transcript (such as a nod in response to a question) which a live reporter would have filled. Thus we are left to try to surmise what was done by a less than complete record.

2. See footnote 1.

defense counsel then used a peremptory challenge to remove the contested juror.

■ Defendant cites Utah Code Ann. §§ 77–35–18(e)(4) and (14) (1982) which concern grounds for challenge for cause. Subsection (e)(4) has no application in this case. Subsection (e)(14) is at issue.[3] The Utah Supreme Court has held that "a trial court commits prejudicial error when a juror exhibits bias and the court refuses to dismiss the juror for cause, thereby compelling a party to use a peremptory challenge on the juror." *State v. Jones,* 734 P.2d 473, 474 (Utah 1987).

The purpose of voir dire of a jury panel is "to provide a tool for counsel and the court to carefully and skillfully determine, by inquiry, whether biases and prejudices, latent as well as acknowledged, will interfere with a fair trial if a particular juror serves in it." *State v. Ball,* 685 P.2d 1055, 1058 (Utah 1984). The trial court is charged with determining a prospective juror's qualification to serve. *State v. Jones,* 734 P.2d at 475; *State v. Brooks,* 631 P.2d 878, 884 (Utah 1981). The standard of appellate review of the matter at issue is set forth in *Jenkins v. Parrish,* 627 P.2d 533 (Utah 1981), in that:

> In selecting a panel of jurors who are fair and impartial, some deference must be accorded the discretion of the trial court. Due consideration should be given to the trial judge's somewhat advantaged position in determining which persons would be fair and impartial jurors,

and his determination should not be disturbed unless he abuses his discretion. *Id.* at 536 (citations omitted).

When statutory and case law are applied to the facts of this case, we believe that there was no abuse of discretion by the trial court. It appears that the court made significant efforts to determine if the potential juror could remain unbiased in light of his wife's experience with a drunk driver. Despite the gaps in the record, we are convinced that the court was adequately assured that no bias existed. We will not disturb the court's judgment on this issue.

■ Defendant's second issue is totally without merit. Sentencing is the prerogative of the trial court in this situation and the jury has no function in the process. To question the jury panel concerning their opinions of a potential sentence may invite confusion on the jury's part as to their proper role in the trial. There was no error on the part of the trial court in refusing to make the inquiry requested by defense counsel.

The conviction is affirmed.

JACKSON and BENCH, JJ., concur.

---

**3.** § 77–35–18(e)(14) reads as follows: The challenge for cause is an objection to a particular juror and may be taken on one or more of the following grounds:

> (14) That a state of mind exists on the part of the juror with reference to the cause, or to either party, which will prevent him from acting impartially and without prejudice to the substantial rights of the party challenging;

but no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon public rumor, statements in public journals or common notoriety, if it satisfactorily appears to the court that the juror can and will, notwithstanding such opinion, act impartially and fairly upon the matter to be submitted to him.