Clayton MANNING, Appellant,

v.

Crispus NIX, Appellee.

No. 89–2777.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1990.

Decided April 19, 1990.

Thomas J. O'Flaherty, Cedar Rapids, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Clayton Manning, an Iowa prisoner serving a life sentence without possibility of parole, appeals from a final order entered in the District Court[1] for the Northern District of Iowa denying his 28 U.S.C. § 2254 petition. *Manning v. Nix,* No. C86–1053 (N.D. Iowa Oct. 5, 1989) (order).

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

Manning claimed that his 1981 conviction for first-degree murder was unconstitutional because a married couple served on his jury. For reversal he argues the district court erred (1) in refusing to allocate court funds to allow him to hire an investigator to search for and interview the two jurors and (2) in concluding his constitutional right to be tried by a fair and impartial jury was not violated by having the couple serve as jurors. For the reasons discussed below, we affirm.

The murder charge against Manning involved the contract killing of his lover's husband. After Manning's conviction was affirmed on direct appeal, *State v. Manning*, 323 N.W.2d 217 (Iowa 1982), *cert. denied*, 459 U.S. 1111, 103 S.Ct. 742, 74 L.Ed.2d 963 (1983), Manning filed an application for state post-conviction relief. He claimed, inter alia, that the presence on the jury of a married couple deprived him of a fair jury and that trial counsel was ineffective for failing to object to or strike the juror whose spouse was already on the jury.

At a hearing held in October 1985, Manning testified that he made his wishes known to counsel that he wanted one of the married jurors stricken. Manning offered into evidence the deposition of a psychotherapist, whose practice included aiding attorneys in juror selection, who testified that it would be difficult for a married couple, serving together on a jury, to refrain from discussing the case. Trial counsel testified that he and Manning talked about the married couple on the panel, counsel suggested leaving them on the panel because they appeared to be open-minded and better prospects than other panel members, and Manning did not ask him to remove them.

■ The state court denied post-conviction relief. Crediting trial counsel's testimony, the state court found that counsel had removed jurors against whom Manning expressed strong feeling and that counsel had questioned the married couple at length and discussed the situation with Manning, who did not object. The state court noted that Manning did not present

any evidence that the married jurors had actually discussed the case or did not exercise independent judgment.

Under 28 U.S.C. § 2254(d), the state court's written factual findings are presumed to be correct. Based on those findings, trial counsel made a tactical decision with Manning's assent to allow the couple to serve on the jury. Manning would like us to announce a per se prohibition against having married couples serve on the same jury, but he has cited and we have found no case to support that rule. *See Russell v. State*, 560 P.2d 1003, 1004 (Okl.Crim. App.) (per curiam) (no such constitutional prohibition), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2683, 53 L.Ed.2d 275 (1977). As the district court noted, Manning has produced no evidence that the married couple actually discussed the case in violation of their oaths.

■ As to Manning's requests for funds to hire an investigator, refusal to authorize funds under 18 U.S.C. § 3006A is not reversible error absent clear and convincing evidence of prejudice. *United States v. Eagle*, 586 F.2d 1193, 1197 (8th Cir.1978). The only basis for Manning's request was the fact that the two jurors were married. That fact was known and discussed at the time of jury selection and, as found by the state court, Manning did not object to having the couple serve on the jury. Manning has not alleged any additional facts reasonably suggesting that investigative funds were necessary or that their denial was prejudicial. In light of Manning's assent to having the jurors serve, his claim regarding the denial of funds for investigative services is without merit.

Accordingly, the order of the district court is affirmed.