CHRISTIANSEN, Judge
(concurring):
{11 I agree with the majority that the evidence presented at trial was sufficient to support Waldoch's object rape conviction, that Waldoch was not prejudiced by the trial court's insufficient admonishments before recesses or the presence of a married couple on the jury, and that Waldoch's challenge to the prosecutor's closing argument was not preserved. I write separately, however, to explain my belief that the trial court plainly erred and that trial counsel performed defi-ciently during jury selection by failing to inquire during voir dire whether the husband and wife, who were both seated on the veni-re, could independently reach impartial verdicts if selected as jurors in this case.
11 12 Article I, section 12 of the Utah Constitution and the Sixth Amendment to the United States Constitution guarantee a criminal defendant the right to a trial by an impartial jury. Moreover, "[plrinciples of due process also guarantee a defendant an impartial jury." Ristaino v. Ross, 424 U.S. 589, 595 n. 6, 96 S.Ct. 1017, 47 LEd.2d 258 (1976). And Utah Code section T7-1-6 affords defendants in criminal prosecutions the right "[tlo a speedy public trial by an impartial jury." Utah Code Ann. § 77-1-6(1)F) (LexisNexis 2012). Since "[JJuror impartiality is a mental attitude of appropriate indifference," State v. Woolley, 810 P.2d 440, 448 (Utah Ct.App.1991) (citation and internal quotation marks omitted), adequate voir dire is necessary to determine each juror's mental attitude and ability to independently reach a verdict, "The purpose of voir dire of a jury panel is 'to provide a tool for counsel and the court to carefully and skillfully determine, by inquiry, whether biases and prejudices, latent as well as acknowledged, will interfere with a fair trial if a particular juror serves in it'" Salt Lake City v. Tuero, 745 P.2d 1281, 1283 (Utah Ct.App.1987) (quoting State v. Ball, 685 P.2d 1055, 1058 (Utah 1984)). While I would not presume as a matter of law that two jurors who are married might automatically vote together during deliberations, both jurors must be asked during voir dire whether they would make a decision independent of their spouse. See Dunlap v. Commonwealth, 435 S.W.3d 537, 585-86 (Ky.2018) (trial court did not abuse its discretion in denying a motion to strike married jurors, because the married jurors serving together were not presumptively biased and the jurors' specific responses during voir dire did not indicate any partiality); State v. Richie, 88 Hawai'i 19, 960 P.2d 1227, 1243-44 (1998) (married jurors are not presumptively disqualified from serving on juries but their independence should be assured through adequate voir dire); Russell v. State, 560 P.2d 1003, 1004 (Okla.Crim.App.1977) (per curiam) ("Undoubtedly, married couples will be found that are unable to divorce one another's thoughts during a trial, but when voir dire uncovers no bias, partiality, or inability to form independent thought[, spouses] should not be excluded.").
*585 {13 Here, the record does not demonstrate that, after hearing from each member of the venire and learning that two members of the panel were married to each other, trial counsel or the court directed any inquiry during voir dire to the married jurors to determine whether this husband and wife could consider the case independently if selected to serve on the jury. It is true that the issue of whether married persons can serve on a jury has not been extensively litigated and that the partiality of married jurors is not presumed. However, the identification of any pre-existing relationships among the venire and determination of juror partiality seems to be an obvious enough line of inquiry during jury selection that the trial court plainly erred and that trial counsel performed deficiently in not following up with further questions on this issue. In my view, both trial counsel and the trial court should have recognized that spouses serving together on a jury may lack impartiality visA-vis each other and thus should have conducted further voir dire to ensure that an impartial jury was seated in Waldoch's trial.
T 14 That said, I agree with the majority that Waldoch has failed to establish prejudice here, because only the husband sat on the final jury and there is nothing in the record to suggest that either spouse ignored the admonitions given by the trial court prior to jury deliberation or that the spouses actually influenced one another.