Shirley CARRIER, Plaintiff
and Appellant,

v.

PRO–TECH RESTORATION, dba Stone
Carpets; William Roger Smith; and
Pleasant Grove City, Defendants and
Appellees.

No. 940550–CA.

Court of Appeals of Utah.

Dec. 21, 1995.

Lynn C. Harris, Provo, and Vicki L. Rinne, Highland, for Appellant.

John M. Chipman and Clifford J. Payne, Salt Lake City, for Appellee Pleasant Grove.

M. Dayle Jeffs, Provo, for Appellee Pro–Tech.

Robert L. Moody, Provo, for Appellee Smith.

Before ORME, DAVIS and JACKSON, JJ.

ORME, Presiding Judge:

Plaintiff Shirley Carrier appeals the judgment against her and the trial court's denial of her motion for a new trial. She contends the trial court granted an excessive number of peremptory jury challenges to defendants.[1] We agree and reverse.

## FACTS

Plaintiff and defendant William Roger Smith were involved in an automobile collision in Pleasant Grove City. Plaintiff approached the intersection of 1100 North and 500 East, driving east on 1100 North while Smith was travelling south on 500 East. The intersection was usually controlled by stop signs on 500 East, but on this snowy day the stop sign regulating Smith and all other southbound traffic was missing. The collision occurred in the intersection.

Plaintiff suffered injury and brought a negligence action against Smith; Smith's employer, Pro–Tech Restoration; and Pleasant Grove City. Pro–Tech was named in the complaint only on a theory of respondeat superior and Pleasant Grove on the basis of its alleged negligence in failing to maintain or replace the stop sign.

Prior to trial, plaintiff filed a motion to limit the number of peremptory challenges to be allotted to defendants. The court denied the motion and allowed each defendant its own set of four peremptory strikes during jury selection.[2] While plaintiff conceded that Pleasant Grove City had "disparate interests" from the other two defendants for purposes of the governing rule, she disputed the

trial court's ruling that Smith and Pro–Tech had sufficiently disparate interests to warrant separate allocations of peremptory challenges. She requested that the court state the grounds in support of its ruling. The court simply stated that "they are disparate enough just by the nature of the case to permit [the award of extra sets of peremptory challenges]."

Initially, the same attorney represented Smith and Pro–Tech. After Smith was in another, unrelated automobile accident, in which he sustained injuries that made it difficult for him to continue working, he left Pro–Tech's employ. Later, at his deposition, Smith testified that his boss at Pro–Tech had instructed him to falsify facts pertaining to the accident. Pro–Tech claimed that no such conversation ever took place. This disagreement created enough animosity between the parties that, subsequently, Smith obtained separate counsel.

However, no defendant filed a cross-claim against any other defendant or a counter-claim against plaintiff. Each defendant answered plaintiff's amended complaint by, inter alia, asserting that plaintiff was more at fault in causing the accident than defendants. There was no separate, related litigation between any of the defendants.

The jury found plaintiff sixty percent negligent, Smith forty percent negligent, and Pleasant Grove City not negligent to any extent. This appeal followed.

## STANDARD OF REVIEW

■ This appeal turns on the interpretation of Rule 47 of the Utah Rules of Civil Procedure and, thus, presents a question of law. See State v. Cosey, 873 P.2d 1177, 1181 (Utah App.), cert. denied, 883 P.2d 1359 (Utah 1994). "[W]e accord conclusions of law no particular deference, but review them for correctness." Scharf v. BMG Corp., 700 P.2d 1068, 1070 (Utah 1985).

---

1. Plaintiff raises other issues on appeal which, in view of our disposition, we need not reach.

2. Each party was allocated three peremptory challenges to the main panel and one for the alternate juror.

## RULE 47 AND ITS INTERPRETATION

Plaintiff claims the trial court erred in granting defendants twelve peremptory challenges while giving plaintiff only four. Rule 47(e) of the Utah Rules of Civil Procedure provides, in part, that "[e]ach party shall be entitled to three peremptory challenges, except as provided under Subdivisions (b) and (c) of this rule." Utah R.Civ.P. 47(e). Subdivision (c), the focus of the instant appeal, states that "where there are several parties on either side, they must join in a challenge before it can be made." *Id.* 47(c). Although it may seem from the language of subdivision (c) that all defendants and all plaintiffs in a given case will receive only one set of peremptory challenges to be shared, i.e., one set per "side," prior Utah Supreme Court opinions suggest otherwise.

Seventy years ago, the Utah Supreme Court recognized that parties are not necessarily on the same "side" within the meaning of the rule simply because they are joined as defendants. *Sutton v. Otis Elevator Co.*, 68 Utah 85, 143–45, 249 P. 437, 457–58 (1926).[3] As the Court observed, if the conflict between defendants is "more sharp than the controversy between plaintiff and defendants," the Legislature could not have intended that such defendants would share one set of peremptory challenges. *Id.* at 143, 249 P. at 457. The Court explained that for two or more *co*-parties to constitute separate "sides," and therefore each be entitled to a separate set of peremptory challenges, there must be a "substantial controversy between them respecting the subject-matter of the suit." *Id.* at 141, 249 P. at 457.

In *Sutton*, a passenger injured in an elevator fall sued both the elevator company and the hotel where the elevator was located. *Id.* at 95, 249 P. at 439. The hotel admitted its own liability and then assisted in proving plaintiff's case against the elevator company, thereby advancing the hotel's breach of contract suit against the elevator company, then pending in federal court. *Id.* at 135–37, 249 P. at 454–55. The *Sutton* court held that the foregoing facts clearly demonstrated the existence of a "substantial controversy" between the two defendants:

> [W]here the record indisputably shows that one defendant practically admits its own liability, and, whether it admits it or not, substantial grounds appear for such admission, and where it further appears that such party is seeking to establish liability against the other as a foundation for recoupment of damages for breach of contract against the codefendant, it is an unblushing travesty to hold that both parties are on the same *side* of the controversy in the sense intended by the statute in question.

*Id.* at 144–45, 249 P. at 458 (emphasis added).

In sum, the *Sutton* court established that there must be a "substantial controversy" between co-defendants for a trial court to grant additional sets of peremptory strikes under the predecessor of Rule 47. *Id.* at 141, 249 P. at 457. *See supra* note 3. Further, the Court held that one way to satisfy the requirement for a "substantial controversy" is if one defendant has proceeded with independent litigation against a co-defendant. *Id.* at 143–45, 249 P. at 457–58. However, the *Sutton* court alluded to other circumstances that might, indeed, satisfy the "substantial controversy" requirement. The Court speculated that if defendants had filed "cross-complaint(s)" against one another, such a conflict may demonstrate a "substantial controversy." *Id.* at 143, 249 P. at 457. This set the stage for the Utah Supreme Court's ruling in *Randle v. Allen*, 862 P.2d 1329 (Utah 1993).

In *Randle*, the plaintiff sued the driver, Allen; the Utah Department of Transportation (UDOT); and Salt Lake County for the wrongful death of his wife in an automobile accident. *Id.* at 1331. Randle charged that Allen negligently operated his vehicle and that UDOT and Salt Lake County negligently designed and maintained the intersection where the accident occurred. *Id.* at 1332. Allen cross-claimed against UDOT and the County alleging, as Randle had, negligent design and maintenance of the intersection. *Id.* at 1333. The Utah Supreme Court noted

---

**3.** The statutory precursor to the current rule governing peremptory strikes, at issue in *Sutton*, is almost identical to Rule 47. *See* 68 Utah at 133–34, 249 P. at 454.

that because Allen had to defend against Randle's claim and also establish the liability of the governmental entities, his interest in juror selection aligned him partly with the plaintiff and partly with the other defendants. *Id.* The Court held that given this distinct position, the trial court did not err in allowing defendant Allen his own set of peremptory challenges. *Id.* at 1334.

However, the Court held that no substantial controversy existed between UDOT and the County because they had merely cross-claimed against Allen and each other for indemnification and contribution. *Id.* at 1333. The *Randle* court explained that when a cross-claim is merely derivative, like a claim for indemnification or contribution, there is no "substantial controversy" under Rule 47. *Id.* The claims of UDOT and the County were derived from the negligence action and were not independent of Randle and Allen's negligence claims. *Id.* UDOT and the County were unified in their defense that it was the drivers of the vehicles—not the negligent design or condition of the intersection—that caused the accident. *Id.* Therefore, their derivative cross-claims did not demonstrate a "substantial controversy" for purposes of Rule 47. *Id.*

Again, the *Randle* court decided that a non-derivative cross-claim, like the one asserted by Allen against UDOT and the County, did meet the "substantial controversy" test. *Id.* at 1333. "[A] 'substantial controversy' exists when a party on one side of a lawsuit has a cross-claim against a co-party that constitutes, in effect, a separate, distinct lawsuit from the action existing between the plaintiffs and defendants." *Id.* at 1333 (quoting *Sutton v. Otis Elevator Co.,* 68 Utah 85, 141, 249 P. 437, 457 (1926)).

■ After *Randle,* the general rule in *Sutton* stands undisturbed, i.e., different "sides" exist for purposes of Rule 47(e) if there is a "substantial controversy" between co-parties "respecting the subject-matter of the suit." *Sutton,* 68 Utah at 141, 249 P. at 457. While the *Sutton* court, in applying its rule, went on to conclude that an independent lawsuit between co-defendants would demonstrate the existence of such a controversy, *id.* at 144–45, 249 P. at 458, *Randle* held that if a

cross-claim is merely derivative, the defendants must share a single set of peremptory challenges, while if a cross-claim sets forth an independent cause of action, the co-parties each may exercise their own set of challenges. *Randle,* 862 P.2d at 1333. We must note that neither decision purports to be exhaustive in itemizing the scenarios which will satisfy the "substantial controversy" test.

## APPLICATION OF *SUTTON/RANDLE* DOCTRINE

### A. Smith and Pro–Tech

■ Defendants Smith and Pro–Tech claim they have a conflict that qualifies as a "substantial controversy" meriting separate sets of peremptory challenges. We disagree. Neither cross-claims nor separate litigation have ensued between them. Smith and Pro–Tech's dispute concerning whether Pro–Tech asked Smith to lie about his role in the accident may constitute a "controversy" in everyday parlance, but this personal adversity between co-defendants does not qualify as a "substantial controversy" under *Sutton* and *Randle.* The parties' legal interests, and not their miscellaneous disagreements or personal antipathy, determine whether theirs is a "substantial controversy" for purposes of Rule 47. Although they may have disagreed about precisely how to defend against plaintiff's suit, neither Smith nor Pro–Tech has admitted liability in the instant case or advanced any theory which has or may give rise to a subsequent, independent lawsuit. Nor have they staked out fundamentally inconsistent positions designed to shift liability to the other. On the contrary, they closed ranks to defeat plaintiff's claim.

Indeed, the nature of this case requires a united front because Pro–Tech's sole defense to plaintiff's respondeat superior claim is that plaintiff was comparatively at greater fault than Smith, which is exactly what Smith sought to prove. The two defendants are inextricably linked by their litigation strategy, notwithstanding their personal animosity.

At the time the trial court ruled on plaintiff's pretrial motion, it knew no cross-claims had been asserted, had no indication whatsoever that Smith intended to file an inde-

pendent suit against Pro–Tech, and had no reason to think there was fundamental incompatibility among defendants in terms of the theories each would advance. On the contrary, defendants jointly urged a single defense: plaintiff was more negligent than Pro–Tech's employee, Smith. Therefore, the controversy between defendants Smith and Pro–Tech does not rise to the level of "substantial controversy," and hence they were not entitled to separate sets of peremptory challenges.[4]

## B. Pleasant Grove City

■ Plaintiff also claims that Pleasant Grove City should have been compelled to share peremptory challenges with the other two defendants. Given the general facts of this case, Smith and Pro–Tech might have been able to assert non-derivative cross-claims against Pleasant Grove premised on its failure to timely replace the stop sign. Apparently, however, there were no injuries to either Smith or Pro–Tech that would have supported independent negligence claims. Therefore, all three defendants presented a united front against plaintiff, premising their defense exclusively on plaintiff's own negligence. Accordingly, Pleasant Grove might not have been entitled to its own set of peremptory challenges because no independent cause of action against it was asserted by either of its co-defendants nor was its defensive posture otherwise suggestive of a level of adverseness vis-a-vis the other defendants on par with non-derivative litigation.

However, we need not definitively decide this issue because plaintiff's counsel waived his objection to giving the city its own set of peremptory challenges. *See generally Lamb v. B & B Amusements Corp.,* 869 P.2d 926, 931 (Utah 1993). Rightly or wrongly, counsel conceded that Pleasant Grove had different interests than Smith and Pro–Tech and did not continue to press his argument as it pertained to Pleasant Grove.[5] Therefore, because plaintiff ultimately waived her objection to the trial court's decision granting Pleasant Grove an additional set of peremptory challenges, we will not allow her to contest it on appeal.

## *RANDLE* AND THE LIABILITY REFORM ACT OF 1986

■ Defendants also contend that the logic of the "substantial controversy" rule for peremptory challenges runs counter to the Legislature's decision to prohibit contribution among tortfeasors under the Liability Reform Act of 1986. *See* Utah Code Ann. § 78–27–40 (Supp.1995). They claim that repealing contribution among joint tortfeasors "significantly diminish[ed] the incentive for a co-defendant to file a cross-claim and render[ed] the filing of cross-claims almost non-existent." While this may be factually correct, cross-claims for contribution are derivative in nature. *Randle v. Allen,* 862 P.2d 1329, 1333 (Utah 1993). *Randle* and *Sutton* require conflict that rises to the level of a *non-*derivative cross-claim—one that would stand alone without the present suit. *See id.* at 1332–33. Simply because defendants in civil suits are no longer able to file cross-claims for contribution does not diminish the likeli-

---

4. It is conceivable that a conflict could arise among co-parties that gave rise neither to an independent lawsuit nor a non-derivative cross-claim but which would nonetheless constitute a "substantial controversy" for purposes of Rule 47. For example, suppose that Pro–Tech contended it was not liable under respondeat superior because Smith had been fired before the accident but had not returned the keys to the company vehicle and, while joy-riding in the vehicle, hit Carrier. Suppose Smith, on the other hand, claimed he was still in the company's employ and on the job at the time of the collision, and, while he failed to avoid the collision, the sole reason was due to Pro–Tech's negligent maintenance of the vehicle, resulting in inoperative brakes. Assume neither party sued the other nor asserted cross-claims because there was no injury to either Smith or Pro–Tech's vehicle and, thus, neither had any damages to recover.

Nonetheless, the controversy between the two, but for the lack of injury, could have formed the basis for either a lawsuit or a non-derivative cross-claim. The fight that would ensue at trial between the two defendants, in an effort to avoid liability by shifting all blame to the other defendant, could eclipse the claims of plaintiff against either defendant, resulting in a three-way dispute just as palpable as the one in *Randle.* Such a scenario may well warrant separate sets of peremptory challenges to defendants.

5. Plaintiff's counsel stated: "And I clearly will not dispute Pleasant Grove[] City has disparate interests...."

hood that litigants will file non-derivative cross-claims. The Liability Reform Act of 1986 merely foreclosed a class of derivative cross-claims which, under *Sutton* and *Randle,* would not have been an adequate basis for receiving extra peremptory challenges anyway.

## PREJUDICE

Defendants allege that to warrant reversal and a new trial, plaintiff must show her first trial was prejudicially tainted because defendants received more peremptory challenges than allowed under Rule 47. However, "[r]equiring a party to show prejudice in such circumstances is to require the impossible." *Randle v. Allen,* 862 P.2d 1329, 1334 (Utah 1993).

> "To show actual prejudice, the complaining litigant would be required to discover the unknowable and to reconstruct what might have been and never was, a jury properly constituted after running the gauntlet of challenge[s] performed in accordance with the prescribed rule of the game."

*Id.* (quoting *Kentucky Farm Bureau Mut. Ins. Co. v. Cook,* 590 S.W.2d 875, 877 (Ky. 1979)). The Court explained that the disparity in challenges in the *Randle* case was so significant that prejudice need not be proved.[6] *Id.* Here, the disparity in peremptories between plaintiff and defendants is identical to that in *Randle.* Therefore, plaintiff need not show actual prejudice.

The *Randle* court noted that not requiring proof of prejudice in such circumstances was consistent with the rule announced in *Crawford v. Manning,* 542 P.2d 1091 (Utah 1975), i.e., that it is reversible error for civil litigants to be required to use peremptory challenges to remove jurors who should have been removed for cause. *Randle,* 862 P.2d at 1334. Although *Crawford* and its progeny were recently overturned, the Utah Supreme Court made no mention of the impact of the reversal on the *Randle* holding. *State v. Menzies,* 889 P.2d 393, 398–400 (Utah 1994),

*cert. denied,* —— U.S. ——, 115 S.Ct. 910, 130 L.Ed.2d 792 (1995).

We are not inclined to read *Menzies* as overruling *Randle* sub silentio, given that the two situations are so different. It is one thing to identify a problematic juror and have him or her removed, albeit with a peremptory challenge that should have been available for use against another juror rather than for cause; it is quite another to stack the deck at the outset by giving one side two or three times as many peremptory challenges in the first place.

Unlike *Crawford, Randle* has not been overturned and its rule of presumed prejudice continues to make sense in the instant context notwithstanding *Menzies.* Accordingly, we must conclude plaintiff is entitled to a new trial.

## CONCLUSION

Rule 47 requires that co-parties show there is "substantial controversy" between them before the trial court may grant each a separate set of peremptory challenges. Therefore, at least defendants Smith and Pro–Tech should not have been given additional peremptory strikes but should have been required to agree on the exercise of their challenges. Additionally, an appellant need not show actual prejudice when challenging a trial court's over-generosity in granting peremptories; prejudice is presumed.

Accordingly, the judgment appealed from is reversed and the case is remanded for a new trial.[7]

DAVIS, Associate P.J., and JACKSON, J., concur.

---

6. The plaintiff had four challenges and the defendants had twelve, collectively. *Randle v. Allen,* 862 P.2d 1329, 1332 (Utah 1993).

7. Because we reverse on the above-stated grounds, we need not, as previously noted, address the other issues raised on appeal. Nonetheless, we would note that the jury instruction

concerning right-of-way was not a model of clarity and should be revised if the case again goes to trial.