STATE of Utah, Plaintiff and
Respondent,

v.

Earl W. EAST, Defendant
and Appellant.

No. 20900.

Supreme Court of Utah.

Sept. 29, 1987.

David L. Wilkinson, Bruce M. Hale, Salt Lake City, for plaintiff and respondent.

Phil L. Hansen, Salt Lake City, for defendant and appellant.

STEWART, Associate Chief Justice:

Earl East was convicted in the Fourth Circuit Court in Davis County of driving under the influence of alcohol. The conviction was affirmed by the district court for Davis County. On appeal to this Court, East contends that because the arresting officer failed to give a *Miranda* warning beforehand, the trial court erred in not suppressing (1) an inculpatory statement made to the arresting police officer during roadside questioning, (2) East's refusal to take a breathalyzer test, and (3) the results of East's field sobriety tests.

At about 3:00 a.m. on July 10, 1984, East was stopped for routine traffic violations on I–15 in Davis County by a Davis County deputy sheriff. The officer had clocked East's speed at 68 mph in a 55 mph zone and had noted some erratic driving. After stopping East, the officer detected an odor of alcohol and asked East if he had been drinking. East responded that he had had a couple of beers. The officer asked East to take several field sobriety tests, which East did. After completing the field sobriety tests, East was asked if he would take a breathalyzer test. He refused. The officer then arrested East for driving under the influence of alcohol and read him the *Miranda* warnings.

■ With respect to the admissibility in East's trial of the field sobriety test results and his statement refusing to take a breathalyzer test, we affirm on the authority of *Sandy City v. Larson*, 733 P.2d 137 (Utah 1987); *Salt Lake City v. Carner*, 664 P.2d 1168 (Utah 1983); *American Fork City v. Crosgrove*, 701 P.2d 1069 (Utah 1985); and *Holman v. Cox*, 598 P.2d 1331, 1334 (Utah 1979).

East's argument that the holding in *American Fork City*, which overruled *Hansen v. Owens*, 619 P.2d 315 (Utah 1980), cannot be applied retroactively is without merit.

■ As to the admissibility of the inculpatory statement made to the police officer prior to the *Miranda* warning, we affirm on the authority of *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82

**1212**

L.Ed.2d 317 (1984). *See also Carner,* 664 P.2d 1168. In *Berkemer,* the Court noted that a typical traffic stop, which this was, is presumptively temporary and brief, and the circumstances of a traffic stop are not such that the motorist feels completely at the mercy of the police officer. The Court further observed that a traffic stop is usually conducted in public where passers-by witness the interaction of the officer and motorist and a motorist is typically confronted by only one, or at most two, police officers. Accordingly, the Court concluded that a traffic stop is "substantially less 'police dominated' than that surrounding the kinds of interrogation at issue in Miranda itself, ... and in the subsequent cases [in which Miranda has been applied]." *Berkemer,* 468 U.S. at 438–39, 104 S.Ct. at 3149–50 (citations omitted). The Court analogized traffic stops to *Terry* stops, *see Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and concluded that the "noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not 'in custody' for the purposes of Miranda." *Berkemer,* 468 U.S. at 440, 104 S.Ct. at 3150. Only when a suspect's freedom of action is curtailed to a degree associated with a formal arrest are *Miranda* warnings required. *Id.* East's detention at the time he made the statement that he now contends should have been suppressed had not evolved into a state of detention tantamount to a formal arrest.

Affirmed.

HALL, C.J., and HOWE, J., concur.

ZIMMERMAN, Justice (dissenting):

In affirming the conviction, the majority holds that the defendant's refusal to take a breathalyzer test was properly admissible at his trial. In so ruling, the Court follows our recent three-to-two decision in *Sandy City v. Larson,* 733 P.2d 137 (Utah 1987), which held that the admission of the refusal to take the test does not violate the right against self-incrimination contained in article I, section 12 of the Utah Constitution. In *Sandy City,* I dissented and joined in the persuasive dissenting opinion of Justice Durham. Nothing that has happened in the intervening months has convinced me that the *Sandy City* ruling was correct. Because the issue presented in *Sandy City* and in the instant case turns on an interpretation of a provision in the declaration of rights in the Utah Constitution which was designed to protect one of our most fundamental freedoms from unwarranted state intrusion, and since I have a principled conviction that the majority has misinterpreted that constitutional provision, I decline to acquiesce in that interpretation.

DURHAM, J., concurs in the dissenting opinion of ZIMMERMAN, J.