SALT LAKE CITY, a municipal corporation, Plaintiff and Respondent,

v.

Susan WOMACK, Defendant and Appellant.

No. 20712.

Supreme Court of Utah.

Dec. 4, 1987.

Roger F. Cutler, Greg R. Hawkins, Larry V. Spendlove, Donald L. George, Salt Lake City, for plaintiff and respondent.

Phil R. Hansen, Salt Lake City, for defendant and appellant.

STEWART, Associate Chief Justice:

The appellant, Susan Womack, was convicted in the Fifth Circuit Court of driving under the influence of alcohol, and her conviction was sustained by the district court. We affirm the district court.

On January 8, 1982, Womack was stopped by a Salt Lake City police officer for a routine traffic violation. When she rolled down the window of her car to speak with the officer, he detected an odor of alcohol. He asked Womack if she had been drinking, and when she responded that she had, he requested that she take a series of field sobriety tests. Based on Womack's performance on the tests, the officer arrested her for driving under the influence of alcohol.

Womack was transported to the Salt Lake County jail, where another officer explained the terms of the Utah Implied Consent Law and administered a breathalyzer test approximately one hour after she had been stopped. The test showed a blood alcohol content of .16%. No *Miranda* warnings were given to Womack.

On appeal, Womack challenges the admission of the breath test result on the ground that it did not have an adequate evidentiary foundation. She asserts that due process was violated by the short delay in the administration of the breathalyzer test. Womack also claims that Utah's Im-

plied Consent Law, Utah Code Ann. § 41–6–44.10 (Supp.1987), violates due process and equal protection under the United States Constitution and the right against self-incrimination under Article I, section 12 of the Utah Constitution. Further, she asserts that the field sobriety test violates her right against self-incrimination under the Utah Constitution. She also claims error in the admission of her inculpatory statement made to the officer before a *Miranda* warning was given to her. Finally, she challenges a jury instruction which, she claims, required the jury to presume guilt.

## I.

■ When this appeal was filed, this Court had jurisdiction to entertain appeals from cases commenced in the circuit courts only with respect to constitutional issues. Utah Code Ann. § 78–3–5 (1981); *Layton City v. Watson*, 733 P.2d 499, 500 (Utah 1987). Since the appellant's challenge to the adequacy of the evidentiary foundation for the breathalyzer test does not raise a constitutional issue, it is not properly before the Court.[1] *Layton City v. Watson*, 733 P.2d at 500.

## II.

Womack also contends that "for constitutional due process to be afforded ... there must be some evidence of the amount of alcohol in her blood at the time of driving to determine if the appellant was [driving] under the influence of alcohol...." She argues that since the breathalyzer test was administered about an hour after she was stopped on the street, the breathalyzer test of her blood alcohol content did not accurately reflect her blood alcohol content at the time she was stopped.

■ The officer who initially stopped Womack and administered the field tests and the officer who subsequently gave the breath test observed Womack virtually constantly from the time of the stop until the time of the breath test. No testimony was elicited from the officers on either direct or cross-examination which indicated that Womack had anything in her mouth during this time period. Furthermore, the officer who administered the breathalyzer test specifically testified that he observed Womack for a period of approximately forty-five minutes prior to the test and that during that time he did not observe anything in her mouth. This observation period is clearly adequate to render the breathalyzer result reliable. *See State v. Baker*, 56 Wash.2d 846, 355 P.2d 806, 811 (1960) (test subject must be kept under observation for at least fifteen minutes prior to the test to insure that he has not ingested anything and to allow any alcohol present in the mouth to be absorbed to ensure a reliable breathalyzer result). Given the observation period, it is reasonable to infer that the breathalyzer result accurately reflected the defendant's blood alcohol level at the time of the initial traffic stop.[2]

## III.

■ The appellant also claims that the Utah Implied Consent Statute is unconstitutional on equal protection and due process grounds. The statute denies equal protection, she argues, because it requires that an officer, rather than a suspected intoxicated driver, choose whether the test to be administered is a breath, blood, or urine test. *See* Utah Code Ann. § 41–6–44.10 (1981). The appellant's point is that suspects, and not the police, should be allowed to choose which test will be administered because of differences in accuracy between the tests. The appellant

1. Under the current statutory scheme, this appeal would have been taken from the circuit court to the Court of Appeals and would not have been limited to constitutional issues. The district court would be bypassed. *See* Utah Code Ann. §§ 78–2a–3, 78–3–4 (1987).

2. In fact, in almost every instance, a breath test administered sometime after the traffic stop will be advantageous to the DUI suspect in two

ways. First, a foreign substance present in the mouth which might produce an artificially high result will be removed by absorption during the observation period. Second, in the interval between the traffic stop and the breath test, some of the blood alcohol usually will have been metabolized, resulting in a slightly lower test result.

has not shown, however, that significant differences exist between the different tests with regard to accuracy. Since the appellant's argument has no factual foundation in this record, it is without merit.

The appellant also argues that due process was denied her because multiple breath tests were not conducted to verify the result of the first test. That contention was addressed and rejected in *Layton City*, 733 P.2d at 500–01, and we see no reason to change the result reached in that case.[3]

#### IV.

Womack next challenges the admission of the field sobriety test results as a violation of her right against self-incrimination under Article I, Section 12 of the Utah Constitution, which states in part: "The accused shall not be compelled to give evidence against himself...." Womack contends that she was compelled to take the roadside field sobriety tests and thus was forced to give evidence against herself. She asserts that at the time of her arrest and trial, this question was governed by our decision in *Hansen v. Owens*, 619 P.2d 315 (Utah 1980).

In *Hansen*, this Court held that a defendant could not be compelled to provide a handwriting exemplar because that would be a violation of Article I, Section 12. If *Hansen* were in fact controlling, Womack might prevail. However, *Hansen v. Owens* was specifically overruled in *American Fork City v. Crosgrove*, 701 P.2d 1069 (Utah 1985). In *Crosgrove*, we held that the privilege against self-incrimination expressed in the state constitution is limited to evidence that is testimonial or communicative in nature. Specifically, we ruled that the defendant's privilege against self-incrimination was not violated when he was required to submit to a breathalyzer test under threat of losing his driver's license.

Womack also argues that *Crosgrove* cannot be applied in this case because of the state and federal constitutional prohibitions against ex post facto laws. Those provisions are not applicable. The constitutional ban on ex post facto laws applies only to legislative enactments. *Frank v. Mangum*, 237 U.S. 309, 344, 35 S.Ct. 582, 594, 59 L.Ed. 969 (1915). The judicial overruling of a prior decision and the application of the new precedent do not constitute an ex post facto law. Indeed, we have previously applied the principles enunciated in *Crosgrove* retroactively. *State v. East*, 743 P.2d 1211 (Utah 1987). *See generally Andrews v. Morris*, 677 P.2d 81 (Utah 1983). Under *Crosgrove*, there is no violation of the privilege against self-incrimination by the requirement that a motorist perform field sobriety tests.

The appellant also challenges the admission of an inculpatory statement made to the arresting officer because *Miranda* warnings were not read to her before she made the statement. *Miranda* warnings must be given to motorists stopped on suspicion of driving under the influence of alcohol when the detention of a motorist moves from being an ordinary traffic stop to being an "in custody" detention for *Miranda* purposes. *Berkemer v. McCarty*, 468 U.S. 420, 440–41, 104 S.Ct. 3138, 3150–51, 82 L.Ed.2d 317 (1984). This occurs when a suspect's freedom of action is "curtailed to a 'degree associated with formal arrest.'" *Id.* at 441, 104 S.Ct. at 3151. (quoting *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983)). *See also Holman v. Cox*, 598 P.2d 1331 (Utah 1979). In this case, the statement was properly admitted because it was made shortly after the initial stop while Womack was apparently still in her own vehicle and not under arrest. Under these circumstances, the *Miranda* warnings were not required because Womack was not in custody.

---

**3.** The appellant also asserts that *Elliott v. Dorius*, 557 P.2d 759 (Utah 1976), and *Gassman v. Dorius*, 543 P.2d 197 (Utah 1975), require that the Utah Implied Consent Law be read verbatim to persons suspected of driving under the influence of alcohol. To the contrary, however, those cases merely require that persons suspected of driving under the influence of alcohol be apprised that they have implicitly consented to take a blood alcohol test and also what the effect of their refusal to take a blood alcohol test would be. The officer did that in this case.

## V.

 Finally, the appellant contends that the trial court erred in giving a jury instruction which she says required the jury to presume guilt conclusively because of the percentage of blood alcohol found by the breath test. The appellant did not object to the jury instruction at trial and, therefore, waived the right to challenge it here. Utah R. Crim.P. 19(c) (1982).

Affirmed.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.