Ray L. CRAWFORD et al., Plaintiffs and Appellants,

v.

Frank Arthur MANNING, Defendant and Respondent.

No. 13948.

Supreme Court of Utah.

Nov. 25, 1975.

---

1. 69 Ohio App. 19, 42 N.E.2d 689 (1941).

2. 27 Ga.App. 685, 109 S.E. 518 (1921).

3. 132 Kan. 785, 297 P. 675 (1931).

Darrell G. Renstrom, Ogden, for plaintiffs-appellants.

Robert Bayle, of Bayle & Lauchnor, Salt Lake City, for defendant-respondent.

ELLETT, Justice:

This appeal is from an adverse judgment and the refusal of the trial court to grant a new trial. The action was brought by the children for the wrongful death of their mother pursuant to Section 78–11–7, U.C.A.1953.

The facts upon which appellants rely for a reversal are not disputed and are stated by the respondent as follows:

1. That during the jury selection process in trial of the above-entitled matter on the 26th day of November, 1974, the Honorable John F. Wahlquist inquired about the attitude of prospective jurors towards the statute which allows a person to bring an action for the death of another. Judge Wahlquist then stated that some people thought of the money collected under the statute as blood money but that others approved of the statute.

2. That in response to said inquiry, a prospective juror, Mary W. Felix, said that she had strong feelings concerning anyone who would sue to recover money for the death of another; that, further, the Honorable John F. Wahlquist asked said juror whether or not she could render a verdict free of bias and prejudice, to which inquiry said juror responded in the affirmative.

3. That thereupon, counsel for the plaintiffs, Darrell G. Renstrom, requested a meeting at the bench with the Court and counsel for the defendant, F. Robert Bayle, at which time said counsel for the plaintiffs challenged said juror for cause, and that the Honorable Judge F. Wahlquist refused to excuse said juror for cause.

■ In the first place, the judge made a statement which if true is unknown to the members of this court, to-wit: "Some people think money collected under the statute is blood money but others approve of the statute." The statement was uncalled for and may have suggested to the jurors that the statute giving a right to sue for damages for the wrongful death of a parent was something to be criticized.

In the second place, a juror stated that she had strong feelings concerning anyone who would sue to recover money for the death of another. When the juror replied that she could render a verdict free of bias and prejudice, the court refused to excuse her although he had eight additional jurors to take her place.

■ One doubts that a person who harbors strong feelings concerning anyone who would sue to recover money for the death of another could be a fair and impartial juror. She should have been ex-

cused peremptorily and one of the eight surplus jurors placed in the box.

It is no excuse to say that the verdict was unanimous and since six of the eight jurors could find a verdict, the error was harmless. By exercising one of their peremptory challenges upon this prospective juror, plaintiffs had only two remaining. The juror which remained because the plaintiffs had no challenge to remove him may have been a hawk amid seven doves and imposed his will upon them.

A party is entitled to exercise his three peremptory challenges upon impartial prospective jurors, and he should not be compelled to waste one in order to accomplish that which the trial judge should have done.

We are of the opinion that there was prejudicial error in the matter complained of and that a new trial should be granted.

The judgment is reversed and the case remanded for a new trial. Costs are awarded to appellants.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.