STATE of Utah, Plaintiff and Respondent,

v.

Clifford Ross MILLER, Vince J. Bartholomay and Bernard George Stout, Defendants and Appellants.

No. 18523.

Supreme Court of Utah.

Dec. 5, 1983.

Lisa A. Maxfield, Salt Lake City, for defendants and appellants.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

**PER CURIAM:**

This appeal is from two felony convictions (criminal homicide and manslaughter), and one misdemeanor conviction (obstructing justice). The errors urged on appeal include (1) insufficiency of evidence; (2) improper voir dire of the jury; (3) failure to afford the defendants an additional peremptory challenge; and (4) impropriety of the jury in examining an exhibit.

■ The insufficiency claim is without merit since the record reveals competent, believable evidence that supports the verdict.

■ The next claim is that the judge erred in failing to inquire of the jurors if there would be prejudice in their minds because the case involved motorcycle clubs such as the "Sundowners." The defense conceded the fact that the court may have forgotten to inquire. Counsel neither objected, reminded the judge of the oversight, made a new request, nor asked permission personally to voir dire the jury under U.C.A., 1953, § 77–35–18(b).[1] Such failure effectively waived the error under U.C.A., 1953, § 77–35–12(d), which provides as follows:

> Failure of the defendant to timely raise defenses or objections or to make requests which must be made prior to trial or at the time set by the court shall constitute waiver thereof.[2]

■ The claim that defendants were denied an additional peremptory challenge on the occasion of the court's having furnished an alternate juror is without merit. There is nothing in the record to indicate timely request by defendants for an additional peremptory challenge. In any event, the alternate juror never even entered jury deliberations, and therefore had no bearing on the jury's verdict.

■ The final error asserted is that the jury was instructed erroneously when its foreman sent a note from the jury room.

1. Under this section, counsel may examine the jury by consent of the judge at any time during the trial. No such request was made.

2. *See also State v. McCardell,* Utah, 652 P.2d 942 (1982); *State v. John,* Utah, 667 P.2d 32 (1983).

The foreman inquired whether the jury could consider that the word "Buck" was scratched on an exhibit (sunglasses). The judge answered that the jury could consider "all the testimony and exhibits regardless of who produced it." Defense cites cases of experimentation by the jury, locating evidence with a magnifying glass, etc., which could be considered additional evidence. In the instant case, the word had been scratched on the sunglasses, and was such as could be seen, if handed to the jury at the trial or by examination in the jury room.[3] Any error was waived, in any event. Defendants not only presented no timely objection at trial, but actually consented to the jury's consideration of the evidence.

The judgment and verdict are affirmed.

---

**3.** For standards in jury examination of exhibits, *United States v. Beach,* 296 F.2d 153 (4th Cir. 1961), stated as follows:

The mere making of a more critical examination of an exhibit than was made during the trial is not objectionable. For example, the use of a magnifying glass not introduced in evidence, without the knowledge and consent of the parties and without permission of the court, is not reversible error where such action involves merely a more critical examination of an exhibit.