**WEBER COUNTY, Plaintiff and Respondent,**

v.

**Ronnie Earl CHAMBERS, Defendant and Petitioner.**

No. 990392.

Supreme Court of Utah.

June 29, 2001.

Scott L. Wiggins, Mark E. Arnold, Salt Lake City, for petitioner.

Monette Hurtado, Ogden, for respondent.

HOWE, Chief Justice.

## INTRODUCTION

¶ 1 We granted certiorari to review an unpublished decision of the court of appeals affirming the conviction of defendant Ronnie Earl Chambers of violation of two Weber County ordinances. *Weber County v. Chambers*, 1999 UT App. 64U.

## BACKGROUND

¶ 2 Chambers was charged with violating a Weber County zoning ordinance for keeping and maintaining a construction equipment yard where such yards are not permitted and with violating a Weber County fire code ordinance for improper possession and storage of gas tanks on his property. Following a bench trial, he was found guilty of both charges.

¶ 3 The trial court imposed a $750 fine and ninety days in jail for the zoning ordinance violation, but suspended $500 of the fine and the entire jail sentence on the condition that the tanks be removed from the property. The court imposed the same fine and jail time for the fire code violation, which was also suspended on the same condition as the zoning violation.

¶ 4 Chambers appealed to the court of appeals, challenging the trial court's determination that Weber County's presentation of evidence in its case-in-chief had established a prima facie case against him, specifically regarding the element of his ownership of the subject property. Chambers subsequently petitioned the court of appeals to stay the briefing deadline, alleging that an exhibit had been tampered with since the trial. The court granted Chambers' motion, temporarily remanding the case to the trial court for a determination of whether there had been exhibit tampering.

¶ 5 On remand, the trial court determined that the prosecutor, in preparing the exhibit (Exhibit 1), had enlarged a copy of the ownership plat map onto a poster board, and because she felt it may have been difficult to see the names on the map at a distance, she traced over the letters in ink. The court found that the enhancement took place prior to trial, did not alter the meaning of the exhibit, and was not objected to at trial by Chambers.

¶ 6 Subsequently, the court of appeals found sufficient evidence to support the judgment of the trial court and affirmed Chambers' convictions. *Weber County v. Chambers*, 1999 UT App 64U. Thereafter,

Chambers petitioned this court for a writ of certiorari, contending that the court of appeals erred (1) in not raising the issue of fraud on the court sua sponte when it discovered the prosecutor had altered Exhibit 1 and (2) in refusing to consider the claim of prosecutorial misconduct because it had been raised for the first time in Chambers' reply brief. We granted the writ.

## ANALYSIS

### I. FRAUD ON THE COURT

¶ 7 The court of appeals concluded that the trial court's finding that the prosecutor had merely superimposed more legible letters onto existing letters on Exhibit 1, rather than writing new letters, was supported by ample evidence.[1] The court wrote:

> All letters but the "E" in "Ronnie" match the photocopied characters, and the prosecutor admitted she "took [her] pen and traced over the Defendant's name" on Exhibit 1. Further, [three county witnesses] all testified in a manner consistent with Chambers being the owner of the property described in Exhibit 1, and the legal description in Exhibit 16 matches that contained in Exhibit 1. Consequently, the clear weight of the evidence supported the court's finding that the prosecutor did not tamper with Exhibit 1 but merely traced over existing characters on it.

*Weber County v. Chambers,* 1999 UT App 64U (first alteration in original). Chambers cites to *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 246, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), for the proposition that the court of appeals had an affirmative duty to raise, sua sponte, the issue of fraud on the court. While appellate courts certainly have within their purview the right to raise, sua sponte, the issue of fraud on the court, *id.,* the court of appeals did not err in not doing so here where it upheld on remand the trial court's finding that the prosecutor's conduct was not improper or misleading. Mere recognition that the prosecutor traced over the letters on Exhibit 1 to render them more

visible is not tantamount to finding prosecutorial misconduct, as Chambers asserts, and we therefore affirm the decision of the court of appeals on this issue.

### II. ISSUES RAISED FOR THE FIRST TIME IN REPLY BRIEF

¶ 8 The court of appeals held that because Chambers had raised the issue of prosecutorial misconduct for the first time in his appellate reply brief, it would not consider the issue. Rule 24(c) of the Utah Rules of Appellate Procedure provides the general briefing requirements of the parties on appeal. It states: "Reply briefs shall be limited to answering any new matter set forth in the opposing brief." Utah R.App.P. 24(c). Chambers responds that he raised the issue in substance in his opening brief although he did not "utilize the magical words prosecutorial misconduct." There is no reason for this court to analyze a moot issue. Put simply, the trial court found no alteration to Exhibit 1, and therefore analysis of whether Chambers raised the issue of prosecutorial misconduct for the first time in his reply brief is superfluous.

¶ 9 Moreover, because Chambers did not object to admission of Exhibit 1 at trial, "but actually consented to [its] consideration," *State v. Miller,* 674 P.2d 130, 132 (Utah 1983), Chambers will not now be heard to dispute its admissibility. If the exhibit were indeed misleading, Chambers could have made a timely objection and provided an untouched copy of the exhibit. He did not do so. Accordingly, Chambers' pursuance of these issues in this court is judicially uneconomical. We affirm the decision of the court of appeals.

¶ 10 Associate Chief Justice RUSSON, Justice DURHAM, Justice DURRANT, and Justice WILKINS, concur in Chief Justice HOWE's opinion.

---

1. Because we granted certiorari from the court of appeals, our review is necessarily limited to the issues in that case. *See Macris & Assocs. v. Neways, Inc.,* 2000 UT 93, ¶ 17, 16 P.3d 1214 ("When exercising our certiorari jurisdiction, 'we review the decision of the court of appeals, not of the trial court.' *Carrier v. Pro–Tech Restoration,* 944 P.2d 346, 350 (Utah 1997) (citing *Butterfield v. Okubo,* 831 P.2d 97, 101 n. 2 (Utah 1992).")).